UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELVIN BALDUF,

    Plaintiff,

v.                                  CASE NO.:

WAL-MART STORES EAST, L.P..,

    Defendant.
_____/

## **WAL-MART STORES EAST, L.P.'S NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Hendry County, Florida, Case No. 18-CA-66, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.    **BACKGROUND**

1. On or about February 7, 2018, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. in the 20th Judicial Circuit Court in and for Hendry County, Florida. See Pl.'s Compl. attached as Ex. "A." The Complaint was served on Wal-Mart Stores East, L.P. on February 8, 2018.

2. Plaintiff, Melvin Balduf, alleges a claim for negligence and vicarious liability against Walmart as a result of injuries he allegedly sustained on July 31, 2017, when an unknown cashier "John Doe" dropped a heavy item on Plaintiff's foot at the Walmart store located on 1951 W. Hickpochee Ave. Labelle, Florida 33935.

3. Specifically, the Plaintiff alleges Walmart negligently maintained the premises, causing a dangerous condition, and that because of such his foot was injured.

4. Plaintiff also alleges Walmart is vicariously liable for John Doe and breached various duties owed to Plaintiff by: failing to "put proper policy in place" and failing to train employees to handle heavy items at check-out See Ex. "A" at ¶ 13-16.

5. Plaintiff's Complaint states simply that the action is for damages "that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest costs, and attorney's fees." Ex. A at ¶ 1.

6. Plaintiff's Complaint is *now* removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Hendry County together with a docket sheet from the Clerk of the Court. See attached as Composite Ex. "B."

8. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Proposal for Settlement. Plaintiff's Proposal for Settlement is the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which was

removable. The thirty (30) day period commenced on June 18, 2018, when **Plaintiff** served Walmart with the Proposal for Settlement.

10. Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Hendry County, where Plaintiff filed his state court Complaint against Walmart, is located within the Middle District of Florida.

### III.   **THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES**

11. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A.   **Citizenship of WAL-MART STORES EAST, L.P.**

12. WAL-MART STORES EAST, L.P. was at the time of the alleged incident, and is currently, a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. was incorporated in Delaware under the laws of Delaware. The principal place of business for all entities mentioned above is Bentonville, Arkansas.

13. At no time material has Walmart, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Composite Ex. "C."

## IV. AMOUNT IN CONTROVERSY

14. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, other than the state court $15,000.00 jurisdictional minimum, it is now clear from Plaintiff's Proposal for Settlement that the Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. See *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001) (A plaintiff's settlement proposal was sufficient evidence of the amount in controversy).

15. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

16. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). "

17. The Plaintiff's Proposal for Settlement conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.[1]

---

[1] Defendant will submit a copy of the Proposal for Settlement to the Court upon request

18.     Plaintiff, Melvin Balduf's, alleged injuries and damages, in conjunction with the service of his Proposal for Settlement in excess of $75,000.00, sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

19.     For example, *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-CV-116-OC-10GRJ, 2008 WL 11335074 (M.D. Fla. June 5, 2008), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's Proposal for Settlement was $475,000. *Id.* Further, the Proposal for Settlement met the requirements of an "other paper" that can be used to determine if the case is removable under 28 U.S.C. § 1446(b)(3). *Id.* at *4. The court found the defendant established complete diversity, and that the defendant established the amount in controversy exceeds the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

20.     Additionally, in *Martin v. Mentor Corp., supra*, the Court concluded that the plaintiff's facsimile which proposed a settlement offer was sufficient evidence the amount in controversy was over the minimum jurisdictional requirement. *Martin,* 142 F. Supp. 2d at 1349. The Court specifically noted the receipt of plaintiff's Proposal for Settlement commenced the thirty-day period during which the defendant could file a notice of removal under 28 U.S.C. § 1446(b). *Id.* Here, Plaintiff's alleged damages as indicated in his Proposal for Settlement far exceed the jurisdictional minimum of this court, and thus Wal-

---

but has not attached a copy hereto so as to not violate Florida Rule of Civil Procedures 1.442(d) which provides a proposal shall not be filed unless necessary to enforce the provisions of the rule.

Mart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Hendry County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 18-CA-66, on the docket of the Court for the 20th Judicial Circuit in and for Hendry County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

Traci T. McKee
Amanda J. Ross

I HEREBY CERTIFY that on ___July 17, 2018___ I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: I further certify that I mailed the foregoing document

and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Joshua D. Molandes, Esq.
Morgan & Morgan
Post Office Box 9504
Fort Myers, FL 33906
Tel: 239-433-6880
Fax: 239-433-6836
jmolandes@forthepeople.com
Attorney for Plaintiff

TRACI T. MCKEE
Florida Bar No. 0053088
AMANDA J. ROSS
Florida Bar No. 598666
Attorneys for Defendant, Wal-Mart Stores East, LP
HENDERSON, FRANKLIN, STARNES & HOLT
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
traci.mckee@henlaw.com
tracey.salerno@henlaw.com
amanda.ross@henlaw.com
susan.peters@henlaw.com